IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGALI VILLARREAL, Individually and on Behalf of the Estate of JA1, Deceased, and as Next Friend of JA2, a minor,<br><br>  Plaintiff,<br><br>V.<br><br>NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, and IC BUS OF OKLAHOMA, LLC,<br><br>  Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No.<br>3:20-cv-2980<br>_____ |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Plaintiff Magali Villarreal, Individually, and on Behalf of the Estate of JA1, and as Next Friend of JA2, a minor, and files this Original Complaint against Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC, and would show the Court as follows:

## I.   PARTIES

1. Plaintiff Magali Villarreal is an individual residing in the State of Texas. She is the mother of JA1, deceased, and JA2, a minor.

2. Defendant Navistar, Inc. ("Navistar") is an out-of-state corporation

registered and doing business in the State of Texas with a principal place of business in Illinois. This Defendant may be served by serving its registered agent for service in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

3. Defendant Navistar International Corporation ("Navistar IC") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Illinois. This Defendant may be served with summons through the Texas Secretary of State in accordance with Section 17.044(c) of the Texas Civil Practice and Remedies Code by providing duplicate copies of the required summons to the Texas Secretary of State as follows, NAVISTAR INTERNATIONAL CORPORATION, c/o Texas Secretary of State, Service of Process Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701, who shall then forward the summons to Defendant Navistar International Corp at address: NAVISTAR INTERNATIONAL CORPORATION, c/o Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, Illinois 62703-4261.

4. Defendant IC BUS LLC ("IC-Bus") is an out of state corporation registered and doing business in the State of Texas but not having a principal place of business in the State of Texas and may be served with summons through its registered agent for service of process: Corporation Service Company d/b/a CSC-

Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

5.  Defendant IC BUS OF OKLAHOMA, LLC ("IC-Bus OK") is an out of state corporation doing business in the State of Texas but not having a principal place of business in the State of Texas and may be served with summons through the Texas Secretary of State in accordance with Section 17.044(c) of the Texas Civil Practice and Remedies Code by providing duplicate copies of the required summons to the Texas Secretary of State as follows, IC BUS OF OKLAHOMA, LLC, c/o Texas Secretary of State, Service of Process Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701, who shall then forward the summons to Defendant IC-Bus OK at the address: IC BUS OF OKLAHOMA, LLC, Registered Agent for Service, c/o Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

## II.   VENUE & JURISDICTION

1.  Under 28 U.S.C. 1332(a)(1), diversity jurisdiction is proper in this Court because all the Defendants are citizens of a state other than Texas and the Plaintiff are citizens of Texas, and the amount in controversy exceeds $75,000, excluding interest and costs.

2.  Under 28 U.S.C. 1991(b)(2), venue is proper in this Court because the accident in question occurred within the Northern District of Texas.

## III.  FACTS

1. On October 3, 2018, Magali Villarreal's daughter JA1 never came home from school. Her daughter JA2 was injured.

2. On or about October 3, 2018, Plaintiff Magali Villarreal's minor daughters were traveling from school to home on a Mesquite Independent School District school bus. The school bus was designed, manufactured, and sold by Defendants. The school bus was traveling south on Lawson Road in Mesquite, Texas when the rear passenger tires left the roadway. The driver of the school bus attempted to guide the bus back onto the roadway but was unable to do so successfully. Ultimately the school bus left the roadway, slid, and struck a utility pole. The school bus came to rest on its right side. All occupants of the bus escaped the post-crash fire except JA1 who was trapped in the bus. Although several persons attempted to free her, she remained entrapped and died in the post-crash fire.

3. JA2 was seated behind her sister JA1, and suffered psychological and emotional injury, as well as physical injury in this event.

4. Plaintiff Magali Villarreal's damages are as a result of the wrongful death of her 12 year old daughter, JA1 and include loss of companionship and society and all positive benefits that flow from the parent-child relationship, and mental pain and anguish, the negative effects of destruction of the parent-child relationship.

5. At all times in question, Defendants Navistar, Inc., Navistar

International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC engaged in the business of designing, testing, manufacturing, distributing, marketing, and selling vehicles, including the IC school bus in question.

### IV. STRICT LIABILITY CAUSE OF ACTION AGAINST EACH DEFENDANT: NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, AND IC BUS OF OKLAHOMA, LLC.

1. Plaintiff adopts and re-allege each paragraph set forth above.

2. Defendants, and others associated with them, were at the time of this occurrence and are now engaged in the business of designing, manufacturing, distributing, and selling student passenger buses, including the 2019 IC Bus made the basis of this suit. These passenger school buses are ridden by thousands of school children in this country every day.

3. It was foreseeable, and Defendant knew, that these buses, including the 2019 IC Bus at issue, would be involved in crashes in which post-crash fires could occur.

4. The 2019 IC school bus was defective in that it:

    a) failed to retain interior integrity following the crash so that the occupants were not entrapped,

    b) entrapped JA1 so that neither she nor several others could free her from the burning bus, and

    c) allowed the fuel to continue to escape and ignite after it came to rest.

5. The above defects and dangers were latent; and student passengers, including JA1 and JA2 were not and could not have been aware of their existence prior to this crash.

6. At the time of the crash, the IC Bus vehicle was substantially unchanged from its condition as when sold and distributed by Defendants.

7. For the reasons set forth above, the IC Bus vehicle was defectively designed, manufactured, and sold and was unreasonably dangerous to foreseeable users, including JA1 and JA2. who, as a student passengers, used the vehicle in an ordinary and reasonably foreseeable manner.

8. The defects described above were a producing cause of the death of JA1 and the physical and psychological injuries to JA2. The defects directly and in natural and continuous sequence produced or contributed substantially to JA1's death and JA2's injuries.

## V. NEGLIGENCE CAUSE OF ACTION AGAINST EACH DEFENDANT: NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, AND IC BUS OF OKLAHOMA, LLC.

1. Plaintiff adopts and re-alleges each paragraph set forth above.

2. It was foreseeable, and Defendant knew, that all vehicles, including the 2019 IC Bus, might be involved in crashes during the useful life of the vehicle.

3. Defendant knew or in the exercise of due care should have known that the 2019 IC Bus would transport students.

4. Defendant was under a duty to properly and adequately design, test, manufacture, distribute, and sell the IC Bus in a reasonably safe condition so as not to negligently present a danger to the student passengers who reasonably and expectedly would come into contact with the vehicle.

5. Defendant breached its duty by negligently designing, testing, inspecting, distributing, selling, and failing to warn of these dangers in the IC Bus. The acts and omissions of Defendant's negligence including the following:

    (a) Failure to research, test, design, and provide a school bus that would retain interior structural integrity following a crash;

    (b) Failure to research, test, design, and provide a school bus that would not entrap children following a crash;

    (c) Failure to properly design, manufacture, assemble, test, and otherwise place the IC Bus on the market for sale to the public in a condition free of defects and hazards.  This created an unreasonable danger of injury or death to school children under normal and foreseeable circumstances;

    (d) Failure to adequately instruct or warn passengers and school children by using stickers, placards, or other proper documentation or notice, regarding the hazardous conditions, as stated above, involving the use and operation of the vehicle; and

    (e) Failure to research, test, design and provide a school bus that would not continue to spill fuel following a survivable crash.

6. The conduct of Defendants constitutes gross negligence as Defendants' acts or omissions complained of resulted from actual conscious indifference to the rights, welfare, or safety of the thousands of student passengers affected by it, who

use this product daily, including Plaintiff's' daughters, JA1 and JA 2.

7. The negligence described above was a direct, proximate and substantial cause of the death of JA1, and JA2's physical and psychological injuries.

## VI. INDIVIDUAL DAMAGES FOR MAGALI VILLARREAL

1. Plaintiff Magali Villarreal is the surviving mother of decedent JA1. JA1 was 12-years old at the time of her wrongful death. JA1 brought enormous love, affection, and pride to her mother. Her mother has lost the love and companionship in the past and in the future due to loss of the loving care and attention JA1 would have shared for the remainder of her life. In addition, Magali Villareal has suffered mental anguish and grief in the past and future over JA1s sudden and unexpected death. Magali Villarreal should recover all her damages, including punitive damages for the unnecessary death of JA1.

## VII. DAMAGES TO THE ESTATE OF JA1

1. As a result of the wrongful death of JA1, her Estate has incurred damages for burial expenses, pain prior to her death, and the fright and mental anguish she experienced as she was trapped in the burning bus and died. Her estate should also be allocated punitive and exemplary damages for the acts of Defendants as described above.

## VIII. DAMAGES FOR PLAINTIFF JA2

As a result of witnessing and experiencing this event that resulted in her

sister's death while still inside the school bus and while at the accident scene after the crash, JA2 suffered severe emotional distress in the past and in all reasonable probability such emotional distress and mental anguish will continue in the future.

## IX.  EXEMPLARY DAMAGES

Plaintiff's injuries and damages resulted from each Defendant's gross negligence, which entitles Plaintiff to exemplary damages.

## X.  PRESERVATION

Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XI.  CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff claims interest in accordance with applicable law.

## XII.  JURY DEMAND

Plaintiff respectfully requests a trial by jury and tenders the appropriate fee with this filing.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Magali Villarreal, Individually and as Representatives of the Estate of JA1 and as Next Friend of JA2 pray that upon final trial, Plaintiff recover all damages as specified above from

Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate; and have such further and other relief, general and special, at law or in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ Linda Turley*
Linda Turley
State Bar No. 20303800
Lacey Turley Most
State Bar No. 24093225
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: lindat@wturley.com,
laceym@wturley.com, and
davette@wturley.com

ATTORNEYS FOR PLAINTIFF