UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MAGALI VILLARREAL, | § | |
|---|---|---|
| individually and on behalf of the | § | |
| estate of JA1, deceased, and as | § | |
| next friend of JA2, a minor, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 3:20-CV-02980-X |
| | § | |
| v. | § | |
| | § | |
| NAVISTAR, INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

The defendants in this case (a group of bus manufacturers and sellers) moved to dismiss the plaintiff, Magali Villarreal's, complaint, which alleges negligent design and design defects of a bus that crashed, killing one of Villarreal's children and traumatizing the other. [Doc. No. 26]. Because the plaintiff does not allege enough facts to state a plausible claim, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** her claims.

### I. Facts

On October 3, 2019, Villarreal's two daughters were riding home on a school bus the defendants designed, manufactured, and sold. Tragically, the bus crashed. Villarreal alleges the interior of the bus deformed during the crash and trapped one of her daughters, leaving her unable to exit as a fire ignited, killing her. The other daughter exited the bus, but she suffers from PTSD because of the fire and her sister's death.

Villarreal brought an action for (1) defective design under strict liability and negligence theories, as well as (2) product liability under a negligence theory. She amended her complaint three times, mooting several motions to dismiss from the defendants. She eventually filed the version now before the Court. The defendants responded by once again moving to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). The plaintiff tried to amend her pleadings once again, but the Court determined that "Villarreal has had three prior bites at the amendment apple. She may not have a fourth before the Court actually rules on the motion to dismiss."[1] So the Court now turns to that motion.

## II. Legal Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[2] A claim is plausible when it "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[3] which requires "more than a sheer possibility that [the] defendant has acted unlawfully."[4] "[A] formulaic recitation of the elements of a cause of action will not do."[5] And the pleading must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6]

---

[1] Doc. No. 34 at 2.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Id.*

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* at 555.

[6] *Iqbal*, 556 U.S. at 678.

2

Under Texas law, a strict-liability design-defect claim requires the plaintiff to show that "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery."[7] A safer alternative design is "one that would have prevented or significantly reduced the risk of the claimant's personal injury . . . without substantially impairing the product's utility."[8] This design "must also be economically and scientifically feasible . . . ."[9] The plaintiff "must show the safety benefits from [the] proposed design are foreseeably greater than the resulting costs, including any diminished usefulness or diminished safety."[10] Negligent design claims follow a different theory of liability,[11] but they also require a showing that a safer alternative design existed.[12]

To state a negligent products-liability claim under Texas law, the plaintiff must plead enough facts to make it plausible that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the plaintiff suffered an injury resulting from the breach, and (4) the defendant proximately caused the injury.[13] The

---

[7] *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).

[8] TEX. CIV. PRAC. & REM. CODE § 82.005(b).

[9] *In re DePuy Orthopaedics, Inc.*, 888 F.3d 753, 765 n.6 (5th Cir. 2018) (summarizing Texas court holdings).

[10] *Casey v. Toyota Motor Eng'g & Mfg. N.A.*, 770 F.3d 322, 331 (5th Cir. 2014).

[11] *Syrie v. Knoll Int'l*, 748 F.2d 304, 307 (5th Cir. 1984) (finding that "[a]lthough a negligence claim and a strict liability claim may share certain similar or common elements, they involve two separate theories of recovery").

[12] *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997) (explaining that "[a]bsent an alternative design, a claim for negligent design or manufacturing fails as a matter of law").

[13] *Mosley v. Excel Corp.*, 109 F.3d 1006, 1009 (5th Cir. 1997).

3

manufacturer typically owes consumers a duty of "ordinary care in design and production."[14] This standard of care requires manufacturers to "exercise reasonable care to prevent physical harm that can reasonably be foreseen to result from the use of the product for its intended purpose" and "take reasonable care to discover the dangerous propensities of the product and to warn those who might be endangered by it."[15] A manufacturer breaches its duty of ordinary care by not doing what "a reasonable and prudent manufacturer engaged in the manufacture of like or similar equipment would have done under the same or similar circumstances, or doing that which a manufacturer with ordinary prudence would not have done under the same or similar circumstances."[16]

### III. Analysis

Even after three rounds of amendment, the Villarreal's complaint still fails to allege enough facts which (taken as true) could undergird any plausible claim under either a strict liability or negligence theory.

On strict liability, Villarreal asserts the availability of safer alternative designs that she believes would have prevented her daughter's death, including a "seat structure that would not collapse," an "exterior structure that would not collapse inward," and "fuel system integrity that would prevent fuel escape" in a crash.[17] Villarreal does not, however, demonstrate or state that these purported

---

[14] *Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex. 1978).

[15] *Syrie*, 748 F.2d at 307 (citing TEX. LITIG. GUIDE § 320.03[1] (1984)).

[16] *Gonzales*, 571 S.W.2d at 870.

[17] Doc. No. 23 at 8–9.

4

designs were either "economically or scientifically feasible."[18] She does not weigh the costs and benefits of using alternative designs.[19] She does not provide any specificity about the materials or construction that compose her asserted alternative designs. To state a design defect claim under a strict liability theory, it is not enough to state in conclusory fashion that an alternative design is available. Villarreal must say (and show) a good deal more.

And Villarreal does not assert the existence of an alternative design when reciting her negligence allegations. (This omission renders all the plaintiff's negligent design claims fatally flawed.)[20] Rather, Villarreal seems to be trying to state a general negligence products liability claim.[21] But the facts alleged do not show that the defendants breached their duty of care to either Villarreal or her children.

Villarreal misstates the standard of care, stating that "in some cases even an entire industry can fail to act in a reasonable and prudent manner."[22] But Villarreal never details how the defendants' actions were unreasonable as compared to any specific ordinary standard in the bus manufacturing industry.[23] She offers no citation to any reasonable manufacturing standards at all. She only states that the

---

[18] *DePuy*, 888 F.3d at 765 n.6.

[19] *Casey*, 770 F.3d at 331.

[20] *See Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (finding that a negligent design claim requires the plaintiff to show a safer alternative design).

[21] Villarreal uses the term "gross negligence" at one point in the complaint, which is a different theory of recovery than general negligence under Texas law that "presumes a negligent act or omission . . . ." *Carter v. Trinity Event Staffing*, 2018 WL 4189707 at *6 (N.D. Tex. 2018) (Horan, M.J.). Because the Court does not find that the defendants were negligent, Villarreal does not state a claim of gross negligence.

[22] Doc. No. 23 at 10.

[23] *See Gonzales*, 571 S.W.2d at 870.

5

defendants breached their duty, which is insufficient to state a claim. Failing to exceed an ordinary benchmark does not breach an ordinary duty of care.

## IV.  Conclusion

Because Villarreal has "not nudged [her] claims across the line from conceivable to plausible" by providing enough relevant facts, the Court **DISMISSES WITHOUT PREJUDICE** her claims.[24] The plaintiff may replead within thirty (30) days of this order for the limited purpose of addressing the defects this order identified.

**IT IS SO ORDERED** this 11th day of May, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[24] *Twombly*, 550 U.S. at 570.