UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAGALI VILLARREAL, Individually and on Behalf of the Estate of JA1, Deceased, and as Next Friend of JA2, a minor, § § § § § *Plaintiff*, § § v. § § NAVISTAR, INC.; NAVISTAR INTERNATIONAL CORPORATION; IC BUS, LLC; and IC BUS OF OKLAHOMA, LLC, § § § § § § *Defendants*. § | Civil Action No. 3:20-CV-2980-X |

### MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff Magali Villarreal's motion for reconsideration [Doc. No. 64]. For the following reasons, the Court **GRANTS** Villarreal's motion for reconsideration. The Court previously permitted plaintiff's Fourth Amended Complaint [Doc. No. 50], and it is the Fourth Amended Complaint that will proceed only as to the strict liability design defect. The Court gives the parties fourteen (14) days to meet and confer before filing a joint proposal for contents of scheduling order and discovery order. In the meantime, this suit is administratively closed.

### I. Factual Background

On October 3, 2018, Villarreal's two daughters were riding home on a school bus the defendants designed, manufactured, and sold. Tragically, the bus crashed. Villarreal alleges that the interior of the bus deformed during the crash and trapped

1

one of her daughters. A fire ignited, and the daughter burned to death. The other daughter exited the bus, but she suffers from post-traumatic stress disorder because of the fire and her sister's death.

## II. Procedural Background

On March 8, 2022, the Court dismissed the plaintiff's Fourth Amended Complaint with prejudice.[1] The Court also entered a final judgment dismissing all the plaintiff's claims.[2] The plaintiff now asks the Court to reconsider her claim, only as to strict products liability, pursuant to Federal Rule of Civil Procedure 60(b)(1) and, in the alternative, Rule 59(e). Plaintiff also attaches her Fifth Amended Complaint to her motion for reconsideration. .[3]

## III. Legal Standards

Rule 60(b)(1) is an "extraordinary" form of relief that will only be afforded in "unusual or unique circumstances justifying such relief."[4] District courts may grant relief under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect."[5] The Fifth Circuit also outlines that "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."[6] The Supreme Court described "excusable neglect" as an "equitable" determination that considers "all

---

[1] Doc. No. 62.

[2] Doc. No. 63.

[3] Doc. No. 64-1.

[4] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).

[5] FED. R. CIV. P. 60(b)(1); *see Razvi v. Dall. Fort Worth Int'l Airport,* No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022) (per curiam).

[6] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

relevant circumstances."[7] Additionally, the Fifth Circuit has said that Rule 60(b)(1) is not the proper remedy for a client who is wronged by the mistakes of his attorney.[8]

Rule 59(e) gives a district court "the chance to rectify its own mistakes in the period immediately following' its decision."[9] Rule 59(e) is not the proper method to relitigate evidence, theories, or arguments that should have been pursued prior to judgment.[10] Instead, the "narrow purpose" of Rule 59(e) is to allow "a party to correct manifest errors of law or fact."[11] Rule 59(e) provides three grounds for amending a judgment: (1) correcting a manifest error of law (or fact), (2) accounting for newly discovered evidence, or (3) accommodating an intervening change in controlling law.[12]

## IV. Analysis

The plaintiff seeks reconsideration, only on her strict products liability claim, on two possible grounds.[13] First, the plaintiff seeks reconsideration under Rule 60(b)(1) due to her attorney's "excusable neglect" or "mistake."[14] Second, the plaintiff

---

[7] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95 (1993) ("Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.").

[8] *Pryor*, 769 F.2d at 289 ("While we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted in *Link*, is to seek malpractice damages from the attorney." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962))).

[9] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. N.H. Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[10] *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[11] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (cleaned up).

[12] *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[13] Doc. No. 64 at 1.

[14] *Id.* at 5.

seeks reconsideration under Rule 59(e), alleging a "manifest error of fact."[15] The Court will not address the Rule 60 argument because the plaintiff succeeds on the Rule 59(e) argument.

The Court grants the motion for reconsideration under Rule 59(e) because the plaintiff pled a plausible claim for relief in her Fourth Amended Complaint. Upon plaintiff's clarification in her motion for reconsideration, the Court agrees that the plaintiff attempted in good faith to add the requested information to her claims. As the plaintiff states in her motion for reconsideration, "these four alternative designs only addressed the defective exterior structure that had allowed the collapse of interior structures."[16] The plaintiff's explanation sufficiently clarifies that she was not alleging new designs but rather adding detail to the previous design. These pleadings in the Fourth Amended Complaint sufficiently addressed the defects the Court found in the Third Amended Complaint.

For the foregoing reasons, the Court **GRANTS** the motion for reconsideration as to the strict liability design defect in the Fourth Amended Complaint. The Court gives the parties fourteen (14) days to meet and confer before providing the Court with a joint proposal for contents of a new scheduling order and discovery order. This case is administratively closed.[17]

---

[15] *Id.* at 4, 7.

[16] *Id.* at 14 (emphasis omitted).

[17] This administrative closure does not prevent parties from filing appropriate motions.

**IT IS SO ORDERED** this 20th day of October, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE